# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:19-cv-2241 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JERRY LAMBERD, ) | |
| WYANDOTTE COUNTY, and ) | |
| KANSAS DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

Plaintiff United States, for its complaint against defendants, alleges as follows:

1. This is a civil action in which the United States seeks to: (1) reduce to judgment certain federal employment tax, interest and penalty assessments made against Jerry Lamberd; (2) obtain a judgment enforcing its federal tax liens against certain real property which is located at 8726 and 8818 Osage Ave., Kansas City, Kansas 66111 (the "Kansas City Property") and which is further described below; and (3) obtain an order directing the sale of the Kansas City Property, and have the proceeds from the sale distributed in the manner set forth below.

2. This action is commenced at the request and with the authorization of a delegate of the Secretary of Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403.

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because this is the district where Jerry Lamberd resides, where the liability accrued, and where the Kansas City Property is located.

## Parties

5. Plaintiff is the United States of America.

6. Defendant Jerry Lamberd resides in the Kansas City Property and is subject to the jurisdiction of the Court.

7. Defendant Wyandotte County is located at 701 N. 7th Street, Kansas City, Kansas 66101.  Wyandotte County is named as a defendant to Count II of this complaint pursuant to 26 U.S.C § 7403(b) because it may claim an interest in the Kansas City Property.

8. Defendant Kansas Department of Revenue is located at 120 SE 10th Avenue, Topeka, Kansas 66611.  The Kansas Department of Revenue is named as a defendant to Count II of this complaint pursuant to 26 U.S.C § 7403(b) because it may claim an interest in the Kansas City Property.

## COUNT I:  Judgment Sought Against Jerry Lamberd

9. The United States incorporates the allegations set forth in paragraphs 1 through 8 above.

10. Jerry Lamberd was the sole owner and registered agent of Pro-Tec Roofing Supply, LLC ("Pro-Tec"), a corporation with a mailing address of P.O. Box 13271, Edwardsville, Kansas 66113.  Pro-Tec was a "disregarded entity" for federal tax purposes during all of the tax periods at issue in this complaint.  The Kansas Secretary of State reports that Pro-Tec was forfeited for failure to timely file its annual report on July 15, 2013.

11. For the following tax periods, Jerry Lamberd filed federal Form 941 employment tax returns for Pro-Tec, reported that tax was owed, but failed to pay it:  September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; June 30, 2004; September 30, 2004; December 31, 2004; March 31, 2005; June 30, 2005; September 30, 2005; December 31, 2005; March 31, 2006; June 30, 2006; September 30, 2006; December 31, 2006; March 31, 2007; June 30, 2007; September 30, 2007; and December 31, 2007.

12. For the following tax periods, Jerry Lamberd filed federal Form 940 employment tax returns for Pro-Tec, reported that tax was owed, but failed to pay it:  December 31, 2001; December 31, 2002; December 31, 2003; December 31, 2004; December 31, 2005; December 31, 2006; and December 31, 2007.

13. On the dates set forth below, a delegate of the Secretary of the Treasury made assessments against Pro-Tec (Jerry Lamberd, sole member) for federal employment taxes, accrued interest, and penalties for each corresponding tax period.  The unpaid balances of these assessments, including accrued interest and statutory additions as well as credits and payments through May 17, 2019, are as follows:

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties & Interest | Unpaid Balance as of May 17, 2019 |
|---|---|---|---|---|
| Form 941 9/30/2002 | 6/29/2009 | $16,563.32 | $19,494.98 | $12,225.68 |
| Form 941 12/31/2002 | 6/29/2009 | $14,902.58 | $17,154.44 | $47,145.76 |
| Form 941 3/31/2003 | 6/29/2009 | $13,787.78 | $15,570.28 | $43,186.46 |
| Form 941 6/30/2003 | 6/29/2009 | $14,377.64 | $15,916.05 | $44,573.54 |
| Form 941 9/30/2003 | 6/29/2009 | $14,193.39 | $15,420.69 | $43,583.52 |
| Form 941 12/31/2003 | 9/7/2009 | $13,467.61 | $14,576.07 | $40,958.83 |

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties & Interest | Unpaid Balance as of May 17, 2019 |
|---|---|---|---|---|
| Form 941 3/31/2004 | 6/8/2009 | $14,538.87 | $14,517.37 | $41,217.47 |
| Form 941 6/30/2004 | 6/8/2009 | $15,256.74 | $14,927.26 | $43,862.80 |
| Form 941 9/30/2004 | 6/8/2009 | $14,584.29 | $13,999.59 | $41,477.80 |
| Form 941 12/31/2004 | 6/8/2009 | $14,624.26 | $13,512.45 | $38,610.82 |
| Form 941 3/31/2005 | 7/27/2009 | $13,193.34 | $12,885.18 | $37,772.40 |
| Form 941 6/30/2005 | 6/29/2009 | $13,171.95 | $12,269.20 | $37,781.36 |
| Form 941 9/30/2005 | 6/29/2009 | $13,162.92 | $11,730.39 | $37,262.03 |
| Form 941 12/31/2005 | 6/29/2009 | $11,023.89 | $9,355.93 | $30,759.02 |
| Form 941 3/31/2006 | 7/6/2009 | $10,838.70 | $8,819.86 | $29,823.02 |
| Form 941 6/30/2006 | 8/24/2009 | $15,256.81 | $11,436.40 | $40,776.69 |
| Form 941 9/30/2006 | 6/29/2009 | $12,151.07 | $8,749.17 | $32,401.75 |
| Form 941 12/31/2006 | 6/29/2009 | $12,005.81 | $8,114.61 | $31,497.96 |
| Form 941 3/31/2007 | 7/6/2009 | $11,652.73 | $7,449.89 | $30,096.24 |
| Form 941 6/30/2007 | 8/24/2009 | $12,256.27 | $7,131.36 | $30,735.14 |
| Form 941 9/30/2007 | 6/29/2009 | $10,464.11 | $5,732.13 | $26,160.02 |
| Form 941 12/31/2007 | 6/1/2009 | $12,639.70 | $4,571.94 | $19,731.17 |
| Form 940 12/31/2001 | 7/6/2009 | $298.04 | $346.42 | $925.65 |
| Form 940 12/31/2002 | 8/10/2009 | $4,609.46 | $5,344.27 | $14,570.30 |
| Form 940 12/31/2003 | 7/6/2009 | $472.84 | $458.84 | $1,338.15 |
| Form 940 12/31/2004 | 6/1/2009 2/14/2011 | $1,014.53 $1,056.85 | $899.88 $348.76 | $6,174.77 |
| Form 940 12/31/2005 | 6/8/2009 | $5,279.05 | $4,461.58 | $14,735.86 |
| Form 940 12/31/2006 | 6/8/2009 | $6,300.09 | $4,237.43 | $16,534.75 |

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties & Interest | Unpaid Balance as of May 17, 2019 |
|---|---|---|---|---|
| Form 940 12/31/2007 | 6/8/2009 | $4,458.14 | $2,246.84 | $10,980.83 |
| | | | **Total:** | **$846,899.99** |

14. The assessments referred to in paragraph 13 above are valid against Jerry Lamberd individually because (1) Pro-Tec was a disregarded entity for federal tax purposes, (2) Jerry Lamberd was the single member owner of Pro-Tec, and (3) the taxes at issue in this suit are all for pre-2009 periods.

15. The IRS gave notices of the assessments referred to in paragraph 13 and made demands for payment on or about the dates of the assessments.

16. Notwithstanding the notices of the assessments and demands for payment, Jerry Lamberd has failed to pay the assessed liabilities referred to in paragraph 13.

17. By reason of the foregoing, Jerry Lamberd is liable to the United States in the total amount of $846,899.99 regarding the assessments referred to in paragraph 13 above, plus such additional interest and other statutory additions that have accrued and will continue to accrue thereon from May 17, 2019.

WHEREFORE the United States respectfully requests this Court to enter judgment on Count I of its complaint as follows:

A. That the Court enter judgment in favor of the United States and against Jerry Lamberd for unpaid federal employment tax liabilities for in the total amount of $846,899.99, plus such additional interest and other statutory additions that have accrued and will continue to accrue thereon from May 17, 2019; and

B. That the Court grant the United States such other and further relief as it deems proper, including awarding the United States its costs and fees incurred herein.

## COUNT II:  Lien Enforcement

18. The United States incorporates paragraphs 1 through 17 above.

19. Jerry Lamberd and Elanna Lamberd acquired ownership of the Kansas City Property as "joint tenants with right of survivorship" by warranty deed in 1991.  (A true copy of the deed is attached hereto as Exh. 1.)  The legal description of the Kansas City Property is set forth in the attached deed.

20. Jerry Lamberd and Elanna Lamberd divorced in 2011.  Elanna Lamberd passed away in 2014.  Because the Lamberds held ownership of the Kansas City Property as joint tenants with a right to survivorship, (1) they continued to jointly hold title to the Kansas City Property following their divorce and (2) Elanna Lamberd's interest in the Kansas City Property transferred to Jerry Lamberd upon Elanna Lamberd's death.  Accordingly, Jerry Lamberd is currently the sole owner of the Kansas City Property.

21. As a result of the assessments described in paragraph 13 above, as well as the notices of assessments, demands for payment, and subsequent failures to pay, federal tax liens arose, pursuant to 26 U.S.C. §§ 6321 and 6322, in favor of the United States on the dates of each of the assessments and attached to all property and rights to property belonging to Jerry Lamberd, including his interest in the Kansas City Property, as a matter of law.

22. Pursuant to 26 U.S.C. § 6323(f), a delegate of the Secretary of Treasury filed notices of the federal tax liens with the Register of Deeds in Wyandotte County, Kansas, on or about October 22, 2012 for the following Form 941 tax periods:  September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; June 30, 2004; September 30, 2004; December 31, 2004; March 31, 2005; June 30, 2005; September 30, 2005; December 31, 2005; March 31, 2006; June 30, 2006; September 30, 2006;

December 31, 2006; March 31, 2007; June 30, 2007; September 30, 2007; and December 31, 2007.

  23. Pursuant to 26 U.S.C. § 6323(f), a delegate of the Secretary of Treasury filed notices of the federal tax liens with the Register of Deeds in Wyandotte County, Kansas, on or about October 22, 2012 for the following Form 940 tax periods: December 31, 2001; December 31, 2002; December 31, 2003; December 31, 2004; December 31, 2005; December 31, 2006; and December 31, 2007.

  WHEREFORE, the United States respectfully requests this Court to enter judgment in its favor and against all other parties to this action on Count II of its complaint as follows:

  A. Declare that the federal tax liens are valid and subsisting liens that attached to all property and rights to property of Jerry Lamberd as of the dates of the respective assessments made against him;

  B. Declare that the federal tax liens attached to the Kansas City Property;

  C. Order that any defendant claiming an interest in the Kansas City Property superior to the federal tax liens affirmatively demonstrate their interest;

  D. Order that the federal tax liens be enforced, that the Kansas City Property be sold in a judicial sale according to the law, free and clear of any right, title, lien, claim or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as this Court determines; and

  E. That this Court award the United States such other relief as is just and equitable, including awarding the United States its costs.

Dated: May 20, 2019                                Respectfully submitted,

                                                   RICHARD E. ZUCKERMAN
                                                   Principal Deputy Assistant Attorney General

                                                   */s/ Jared S. Wiesner*
                                                   JARED S. WIESNER
                                                   D.C. Bar No. 976856
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   P.O. Box 7238
                                                   Washington, D.C.  20044
                                                   202-514-6058 (v) / 202-514-6770 (f)
                                                   jared.s.wiesner@usdoj.gov

Government Exhibit 1

1119399   I-934025   II-934008
III-934009

Guarantee Title
of Wyandotte County, Inc.
800 Ann Avenue
Kansas City, Kansas  66101
913-321-0324

**GUARANTEE TITLE**

T-159798
File No.

NE
19-11-24

**WARRANTY DEED**

BOOK 3502 PAGE 493

FOR A VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged the grantor(s) convey(s) and warrant(s) to grantee(s) the hereinafter described real estate.

Grantor(s): REGINALD B. KING AND ERIEKA S. KING, HUSBAND AND WIFE

Grantee(s): JERRY C. LAMBERD AND ELANNA LAMBERD, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP

STATE OF KANSAS, WYANDOTTE COUNTY
entered in transfer record in my office this
_____ day of Aug., 91
Lawrence E. Verbin
                                            Deputy

LEGAL DESCRIPTION:
TRACT I:

A tract of land in the Northeast Quarter of Section 19, Township 11 South, Range 24 East of the Sixth Principal Meridian in Kansas City, Wyandotte County, Kansas, being more particularly described as follows:

Beginning at a point on the North line of the Northeast Quarter of said Section 19, said point being East 864.00 feet from the Northwest corner of the Northeast Quarter of Section 19, as measured along the North line of the Northeast Quarter of said Section 19; thence South 938.61 feet; thence North 89 degrees 52 minutes 30 seconds East 283.85 feet to a two inch pipe with a three-fourths inch bar inside found and the West line of land formerly owned by George F. Fox; thence North 0 degrees 14 minutes 29 seconds West 300.5 feet by deed (297.99 feet by survey measurement), along said West line, to a one-half inch reinforcing bar found and the Northwest corner of the George F. Fox land; thence East 66.00 feet to a one-half inch reinforcing bar found and
                                                                                        continued

THE FEE SIMPLE TITLE conveyed hereby is subject to assessments, specials, restrictions and reservations of record, if any.

EXECUTED this  April 19         , 19 91

Reginald B. King
REGINALD B. KING

Erieka S. King
ERIEKA S. KING

STATE OF KANSAS, County of Wyandotte

On this  July 29        , 19 91, before me, the undersigned, a Notary Public in and for the county and state aforesaid, personally appeared:  REGINALD B. KING AND ERIEKA S. KING, HUSBAND AND WIFE

to me personally known to be the same person(s) who executed the within and foregoing instrument of writing and acknowledged to me that the same was executed as a free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and Notary Seal the day and year last above written.

JOHN F. (JACK) QUINLAN
My Appt. Exp. 6-23-92

John F. (Jack) Quinlan
                                            Notary Public

My Commission Expires:
6-23-92

T-159798

CONTINUATION OF PAGE 1

BOOK 3502 PAGE 494

LEGAL DESCRIPTION: (continued)
the East line of land formerly owned by Albert Noe, as recorded in Book 482, Page 78 in the Wyandotte County Register of Deeds Office; thence North 640.00 feet, along said East line, to the North line of the Northeast Quarter of said Section 19 and a one-half inch reinforcing bar found; thence West 348.60 feet; along said North line, to the point of beginning of the tract herein described.

TRACT II

Beginning at a point on the North line of Section 19, Township 11, Range 24, Wyandotte County, Kansas 714.10 feet West of the Northeast corner of said Section 19; thence South 1076.46 feet to a point in the center line of Prather Road; thence South 80 degrees 30 minutes West 71.94 feet; thence South 74 degrees West 128.7 feet; thence North 76 degrees West 214.50 feet; thence North 432.96 feet; thence West 322.50 feet by survey (By Deed 308.9 feet); thence North 645.13 feet by survey (By Deed 639.54 feet) to a point on the North line of said Section 19; thence South 89 degrees 09 minutes East 725.34 feet to the point of beginning, and also the West 5 acres of the East 20 acres North of the road in the Northeast 1/4 of the Northeast 1/4 of Section 19, Township 11, Range 24, Wyandotte County, Kansas, less that part taken or used for public road purposes.

EXCEPT THE FOLLOWING DESCRIBED TRACT: Beginning at a point on the North line of Section 19, Township 11, Range 24, Wyandotte County, Kansas 714.10 feet West of the Northeast corner of said Section 19; thence South 333.8 feet; thence North 66 degrees 59 minutes West 181.21 feet; thence North 66 degrees 06 minutes West 242.54 feet; thence North 64 degrees 09 minutes West 103.33 feet; thence North 42 degrees 19 minutes West 176.40 feet to a point on the North line of said Section 19; thence South 89 degrees 09 minutes East along said Section line 600.38 feet to the point of beginning.

TRACT III

Commencing at the Southwest corner of the Northeast Quarter of the Northeast Quarter of Section 19, Township 11, Range 24, thence West 101 1/2 feet, thence North 680 feet, thence East 374.8 feet, thence South 433 feet, thence South 55 degrees West 68 feet, thence South 29 1/2 degrees West 241 feet to the point of beginning, less that part taken or used for public road purposes.

STATE OF KANSAS
WYANDOTTE COUNTY
RECEIVED FOR RECORD
1991 AUG -1 P 4: 04
THOMAS M. GRONEMAN
REGISTER OF DEEDS
BY _____ DEP

113399

CODED _____
ENTERED _____
VERIFIED _____