IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-2241-JWL |
| ) | |
| JERRY LAMBERD and ) | |
| WYANDOTTE COUNTY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

In this case, the United States ("the Government") alleges that defendant Jerry Lamberd owes certain amounts in unpaid employment and unemployment taxes, and it seeks a money judgment and enforcement of federal tax liens on certain property. This matter presently comes before the Court on the Government's motion for summary judgment (Doc. # 31). For the reasons set forth below, the Court **grants** the motion, and judgment will be entered in favor of the Government. As set forth below, the Government shall file a supplemental brief setting forth the rate at which additional amounts due have accrued after February 21, 2020.

### I.   **Background**

The Government and Mr. Lamberd have stipulated that all facts material to their claims and defenses are set forth in 163 paragraphs in the pretrial order, subject to Mr.

Lamberd's right to present evidence to support arguments (1) that some relevant work may have been performed by independent contractors instead of employees, and (2) that the Government's calculations of principal, interest, and penalties might be inaccurate. The Government has also preserved the right to present evidence regarding additional amounts due that have accrued during the pendency of the case. The stipulated facts, in highly summarized fashion, are as follows.

Mr. Lamberd was the sole owner of Pro-Tec Roofing Supply, LLC ("Pro-Tec"), a company that performed roofing-related construction work and sold roofing supplies to subcontractors. Pro-Tec was a single-member limited liability company that elected not to be taxed as a corporation; thus, any tax liabilities were considered the personal liabilities of Mr. Lamberd. During the period from January 1, 2001, through December 31, 2007, Pro-Tec paid both employees and independent contractors to perform work.

In 2009, Mr. Lamberd, on behalf of Pro-Tec, filed federal Form 941 employment tax returns for the quarterly periods for the quarter ending September 30, 2002, through the quarter ending December 31, 2007, in which Mr. Pro-Tec reported for each quarter the number of its employees, the amount of wages paid, and the amount of employment taxes owed. In 2009, the Government assessed employment taxes and penalties and interest in particular amounts against Pro-Tec and Mr. Lamberd for those quarters. For each of those quarterly assessments, the Internal Revenue Service (IRS) on multiple occasions gave Mr. Lamberd notice of the assessment and made a demand for payment. Those assessments have not been fully paid.

In 2009, Mr. Lamberd, on behalf of Pro-Tec, filed federal Form 940 unemployment tax returns for the annual periods for the years 2001 through 2007, in which Pro-Tec reported for each year the amount of wages paid and the amount of unemployment taxes owed.  In 2009, the Government assessed unemployment taxes and penalties and interest in particular amounts against Pro-Tec and Mr. Lamberd for those years.  For each of those yearly assessments, the IRS on multiple occasions gave Mr. Lamberd notice of the assessment and made a demand for payment.  Those assessments have not been fully paid.

In 2012, the Government filed with the Register of Deeds of Wyandotte County, Kansas, notice of federal tax liens against certain real property in Kansas City, Kansas, owned by Mr. Lamberd, for the unpaid employment and unemployment tax liabilities from 2001 through 2007.  The parties have stipulated that the tax lien against that property held by defendant Wyandotte County has priority over the federal tax liens.[1]

The Government filed this action on May 20, 2019.  The Government seeks a judgment in the amount of the unpaid employment and unemployment taxes plus applicable interest and penalties.  The Government also seeks to enforce its tax liens against the real property in Kansas City.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of

---

[1] Originally, the Kansas Department of Revenue was named as a defendant in this action, but it was dismissed after it disclaimed any interest in the property.

law." Fed. R. Civ. P. 56(a).  In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).  An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way."  *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).  A fact is "material" when "it is essential to the proper disposition of the claim."  *See id*.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *See id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof."  *See Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005).  To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."  *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and

inexpensive determination of every action." *See Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.   Analysis

Based on the stipulated facts, the Government seeks summary judgment on its claims for a money judgment in the amount of Mr. Lamberd's unpaid tax liabilities and for enforcement of its tax liens against Mr. Lamberd's property.  The Government has submitted a declaration by an IRS officer stating that Pro-Tec's and Mr. Lamberd's liability for federal employment taxes for the quarters at issue, including accrued penalties and interest through February 21, 2020, and including payments and credits, totals $814,452.57; and that Pro-Tec's and Mr. Lamberd's liability for federal unemployment taxes for the years at issue, including penalties and interest through February 21, 2020, and including payments and credits, totals $67,892.36.

In the pretrial order, Mr. Lamberd preserved only the following defenses:  (1) the claims are barred by the applicable statute of limitations; (2) claims may be barred to the extent that Pro-Tec used independent contractors to perform labor for which taxes were assessed; and (3) the Government may not have calculated the taxes, interest, or penalties correctly.  Mr. Lamberd then requested and received two extensions of the deadline for his response to the Government's summary judgment motion.  In his response, Mr. Lamberd does not raise any issue concerning the statute of limitations or the use of independent contractors.  Instead, in responding to the Government's statement of facts, Mr. Lamberd disputes only the amounts of the unpaid balances, although without citation to any evidence

that contradicts the amounts set forth by the Government; and in a single paragraph of argument, Mr. Lamberd opposes summary judgment only on the basis of his argument that the Government's calculations should not be presumed correct.[2]

First, Mr. Lamberd disputes only the amounts owed. Thus, he has not disputed his liability for any unpaid amounts, and accordingly, the Government is at least entitled to summary judgment with respect to the issue of liability. Nor does Mr. Lamberd assert any argument against enforcement of the federal tax liens against his property.

With respect to the amount of liability, the Government has relied on evidence, in the form of a declaration, to support its calculations of the amounts owed by Mr. Lamberd. In accordance with the standard set forth above, the burden would then shift to Mr. Lamberd to produce evidence sufficient to create an issue of fact and preclude summary judgment. Mr. Lamberd has not produced any such evidence, however, concerning the amount of his present tax liability. Accordingly, the Government is entitled to summary judgment concerning the amount owed unless it has failed to meet its initial burden to produce proper evidence to support its calculations of those amounts.

The Government cites *United States v. Fior D'Italia, Inc.*, 536 U.S. 238 (2002), in which the Supreme Court stated as follows:

> An "assessment" amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court.

---

[2] The Court commends counsel for declining to raise arguments that he determined lacked merit.

*See id.* at 242-43 (citations omitted).  Mr. Lamberd contends that because *Fior D'Italia* involved a particular estimation method used by the Government that is not relevant here, the presumption stated in that case "is not analogous to the situation in the present case." The Supreme Court stated the presumption, however, as a general principle of law (one that is well established).  Under that principle, the Government's assessments in this case are presumed correct.

Moreover, Mr. Lamberd has not addressed the additional law cited by the Government, including the Tenth Circuit's holding that certificates of assessments and payments, known as Form 4340s, represent presumptive proof of valid and correct tax assessments; and that in the absence of contrary evidence a district court may rely on such forms to conclude that valid assessments were made.  *See Guthrie v. Sawyer*, 970 F.2d 733, 737-38 (10th Cir. 1992).  In this case, the Government's declarant relied on and attached Form 4340s in calculating Mr. Lamberd's tax liability.  Mr. Lamberd has not cited any authority or otherwise explained why such evidence is not sufficient to meet the Government's initial burden on summary judgment.  Mr. Lamberd has not met his burden to provide his own evidence to contradict the amounts calculated by the Government. Indeed, Mr. Lamberd has not suggested any way in which those calculations may be incorrect.  Accordingly, the Government is entitled to summary judgment in the amounts requested.

The Government's declaration provides calculations that include penalties and interest that have accrued through February 21, 2020.  The Government requests judgment in an amount that includes additions accruing after that date, but it has not provided the

Court with the rate at which additional amounts are accruing or any other means by which the Court may readily calculate final amounts as of the date of judgment. Accordingly, on or before **May 29, 2020**, the Government shall file a supplemental brief setting forth the rates at which additional amounts due have accrued for the unpaid employment tax liability and for the unpaid unemployment tax liability after February 21, 2020, such that the Court may calculate proper judgment amounts. Before filing that brief, the Government shall attempt to obtain Mr. Lamberd's consent to the rates of accrual (such consent shall not waive, for purposes of appeal, any argument that the underlying liability amounts are incorrect). If the parties are unable to reach an agreement concerning the rate, Mr. Lamberd shall file any objection by **June 5, 2020**.

The Government will also be awarded judgment on its claim for enforcement of the federal tax liens against Mr. Lamberd's property. In its reply brief, the Government notes that the property is Mr. Lamberd's personal residence and that the COVID-19 pandemic has resulted in various limitations. Accordingly, the Government requests "that the Court also order that, 90 days from the date of the order on this motion, the United States shall file: (1) a motion seeking an order of sale of the Kansas City Property, or (2) a status report explaining why additional time to seek such sale is warranted." The Court believes that such an accommodation is reasonable, and it does so order.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for summary judgment (Doc. # 31) is hereby **granted**, and judgment will be entered in favor

of the Government. The parties shall make additional submissions concerning the amount of the judgment as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff, on or before **August 17, 2020**, shall file either a motion seeking an order of sale of the property at issue or a status report explaining why additional time to seek such sale is warranted.

IT IS SO ORDERED.

Dated this 18th day of May, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
