IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-2241-JWL |
| ) | |
| JERRY LAMBERD and ) | |
| WYANDOTTE COUNTY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Jerry Lamberd's motion to vacate the judgment against him pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. # 56). For the reasons set forth below, the Court **denies** the motion.

Mr. Lamberd was the sole owner of Pro-Tec Roofing Supply, LLC ("Pro-Tec"), a single-member limited liability company, which elected not to be taxed as a corporation. In 2009, the United States ("the Government") issued assessments to Pro-Tec and Mr. Lamberd for unpaid employment and unemployment taxes (plus interest and penalties) for various periods from 2001 to 2007. The Government filed this action against Mr. Lamberd, in which it sought a judgment in the amount of the unpaid employment and unemployment taxes plus applicable interest and penalties, and further sought to enforce its tax liens against real property belonging to Mr. Lamberd.

After a period of discovery, the Court issued a pretrial order that included the parties' various stipulations, including stipulations to the Court's jurisdiction and to the fact and amounts of the various assessments issued by the Government.  The Government then moved for summary judgment.  In response, Mr. Lamberd's only defense was to dispute the amounts owed.  By Memorandum and Order of May 18, 2020, the Court granted the Government's motion, for the reason that Mr. Lamberd had failed to submit evidence to controvert the Government's evidence concerning the amounts due.  *See United States v. Lamberd*, 2020 WL 2523381 (D. Kan. May 18, 2020) (Lungstrum, J.).  On June 3, 2020, after additional briefing concerning the total amounts due, the Court entered judgment against Mr. Lamberd in favor of the Government in the amount of $825,992.98 for federal employment tax liabilities and in the amount of $68,854.36 for federal unemployment tax liabilities, and for foreclosure of particular real property.  Mr. Lamberd did not attempt to appeal that judgment.

On April 28, 2021, Mr. Lamberd filed the instant motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4), which provides that a court may relieve a party from a final judgment if "the judgment is void."  *See id.*  In summary, Mr. Lamberd argues that the regulation on which the Government based its tax assessments against Mr. Lamberd (on a pass-through basis, as the single member of an LLC), 26 C.F.R. § 301.7701-2, is invalid; the assessments were therefore invalid; the Court therefore lacked subject matter jurisdiction over the Government's claims to recover the amounts assessed; and the judgment is therefore void.  The Court concludes, however, that Mr. Lamberd is not entitled to relief from the judgment on this basis.

2

First, Mr. Lamberd has not shown that the invalidity of the regulation would have deprived the Court of subject matter jurisdiction. He has not cited any authority indicating that an invalid regulation would mean that the assessment was a nullity. If the applicable regulation implementing the Internal Revenue Code was in fact invalid, the assessment may have been incorrect under the Code, but there is no basis to act as if the assessments did not occur.

Mr. Lamberd has also failed to cite authority to support the proposition that an assessment is a prerequisite to subject matter jurisdiction in this case. In *United States v. Wilkes*, 946 F.2d 1143 (5th Cir. 1991), cited by Mr. Lamberd, the timeliness of the suit turned on whether the Government's claim was to reduce an assessment to judgment or to recover a refund; and the court held that because the assessment had been extinguished by a payment thereon, the Government could not sue on that assessment. *See id.* at 1152. In so ruling, the court made the unremarkable statement that the Government could not prevail on a suit to reduce an assessment to judgment if there was no longer an assessment. *See id.* at 1148. The court did not suggest that the extinguishment of the assessment meant that the courts lacked jurisdiction to consider the Government's claim. *See id.* The other case cited by Mr. Lamberd, *Stephenson v. Brady*, 927 F.2d 596 (Table), 1991 WL 22835 (4th Cir. Feb. 26, 1991) (unpub. op.), an unpublished, non-precedential case, is also unhelpful. There the plaintiff taxpayer had sought a declaration that he was not liable for a penalty because a regulation was invalid. *See id.* at *1. The court held that because the Government had not assessed the penalty, there was no case or controversy for the purpose of Article III, and the district court lacked subject matter jurisdiction because the

Declaratory Judgment Act and the Anti-Injunction Act did not allow for such a suit regarding tax liability. *See id.* at *1-5. The court did not say that an assessment is required in every context for a court to exercise jurisdiction. The present case does not involve a request for a declaratory judgment, and there is no doubt that the Government is seeking payment and that a live controversy exists.

In making this argument, Mr. Lamberd has not addressed the Government's response that his position ultimately does not make sense. As the Government points out, if the invalidity of a regulation means that the district court lacks jurisdiction, then a taxpayer would be unable to bring suit to seek to invalidate a regulation used by the Government to collect taxes.

Second, even if an underlying regulation's invalidity could rob a court of jurisdiction as an initial matter, it does not follow that the party may then obtain relief under Rule 60 from a final judgment. Under the applicable law, an initial lack of jurisdiction or the erroneous exercise thereof does not mean that an unappealed final judgment becomes void and may be undone by collateral attack. This Court addressed this same issue in *SBKC Service Corp. v. 1111 Prospect Partners, L.P.*, 1998 WL 928408 (D. Kan. Oct. 30, 1998) (Lungstrum, J.). In that case, the plaintiff sought relief under Rule 60(b)(4) from a final judgment on the basis of its argument that the court did not actually have diversity jurisdiction, although the plaintiff had failed to raise the issue during the suit and had failed to appeal directly the court's implicit determination that it had subject matter jurisdiction. *See id.* at *1-2. In ruling that such an issue could not be raised by collateral attack, the court, relying on cases from the United States Supreme Court, stated as follows:

4

> The Supreme Court has long held that a federal district court's erroneous exercise of subject matter jurisdiction is not subject to collateral attack in a subsequent proceeding. Even if a court does not expressly rule on matters relating to its exercise of jurisdiction, if the parties could have challenged the court's jurisdiction and failed to do so, res judicata principles bar them from collaterally attacking jurisdiction.

*See id.* at *2 (citations omitted). The court further noted that several circuit courts, including the Tenth Circuit, had extended those principles to the Rule 60(b)(4) context. *See id.* at *3 (citing, *inter alia*, *Missouri Pac. R.R. Co. v. Cartwright Transfer & Storage, Inc.*, 958 F.2d 20 (Table), 1992 WL 138487, at *4-5 (10th Cir. June 16, 1992) (unpub. op.)).

The *SBKC* decision relied in part on the Supreme Court's opinion in *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371 (1940). In that case, the Supreme Court faced a similar argument, based on the fact that a jurisdictional statute had been ruled unconstitutional, but it found that argument "untenable" as follows:

> The argument is pressed that the District Court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared to be invalid, the District Court was without jurisdiction to entertain the proceedings and hence its decree is open to collateral attack. We think the argument untenable. The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determination of such questions, while open to direct review, may not be assailed collaterally.

*See id.* at 376. In the present case, the jurisdiction challenge is even more attenuated – there is no challenge to the jurisdiction statutes pursuant to which the Government brought this action; rather, Mr. Lamberd only challenges a regulation on which the Government

5

relies for its claim of liability (one that has never been invalidated, as discussed below). This Court's exercise of jurisdiction was subject to direct review, but Mr. Lamberd did not file such an appeal, and that exercise may not now be challenged by collateral attack under Rule 60.

Nor does Mr. Lamberd satisfy the Tenth Circuit's specific standard for relief under Rule 60(b)(4), which the Tenth Circuit has explained as follows:

> A judgment is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it. A judgment may in some instances be void for lack of subject matter jurisdiction. However, this occurs only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority.
>
> A court does not usurp its power when it erroneously exercises jurisdiction. Since federal courts have jurisdiction to determine jurisdiction, that is, power to interpret the language of the jurisdictional instrument and its application to an issue by the court, error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction. There must be *no arguable basis* on which the court could have rested a finding that it had jurisdiction.

*See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (emphasis added) (citations and internal quotations omitted). Mr. Lamberd has not shown that there was "no arguable basis" for the Court's jurisdiction in this case. Most significantly, as mentioned, Mr. Lamberd has not challenged the various jurisdictional statutes under which the Government brought this action. *See* 26 U.S.C. § 7402 (jurisdiction to enforce internal revenue laws); 28 U.S.C. § 1340 (jurisdiction over civil actions under internal revenue laws); 28 U.S.C. § 1345 (jurisdiction over civil actions brought by the United States). Moreover, as discussed above, Mr. Lamberd has not shown that invalidation of the regulation would affect the Court's jurisdiction. The Court also notes that Mr. Lamberd

6

stipulated to the fact of the assessments and the Court's jurisdiction, which stipulations provided the Court with an arguable basis for jurisdiction.

Finally, Mr. Lamberd has not shown that the applicable regulation should be invalidated. For the tax periods at issue here, Reg. 7701-2 makes clear that if a single-member LLC has not elected to be taxed as a corporation, it is treated like a sole proprietorship for purposes of employment and unemployment taxes, with the member directly liable for payment of the taxes. *See* 26 C.F.R. § 300.7701-2. Mr. Lamberd does not dispute that if this regulation is valid, he is liable for those taxes owed by his LLC. He argues, however, that it was improper for the Internal Revenue Commissioner to issue this regulation pursuant to Section 7701 of the Code because that statute only contains definitions and does not address payment of taxes. He further argues that any such regulation should have been issued under Section 6672, which provides for liability of an individual if that individual has willfully failed to pay taxes owed. *See* 26 U.S.C. § 6672. He thus argues that a regulation that allows for individual liability without a finding of a willful failure conflicts with Section 6672 and is therefore improper under the Supreme Court's *Chevron* analysis for agency regulations. He essentially contends in his reply brief that his position is so clearly right that there was no arguable basis for jurisdiction here.

The Court does not agree, however, that Section 6672's applicability to Mr. Lamberd's situation is beyond dispute. That statute allows for liability of an officer or employee of a corporation or a member or employee of a partnership with the particular duty to comply with the tax law at issue (often described as a "responsible person"). *See id.* § 6671(b) (defining "person" for purposes of Section 6672). "Corporation" and

7

"partnership" are defined in Section 7701, although "limited liability company" is not. *See id.* § 7701. Thus, the application of Section 6672 turns on Section 7701's definitions, which the Commissioner interpreted in issuing Reg. 7701-2. Accordingly, it is not obvious on its face, as Mr. Lamberd would argue, that the Commissioner acted improperly in issuing this regulation as an implementation of Section 7701.[1]

Most significantly, Mr. Lamberd has not identified any instance in which a court has deemed Reg. 7701-2 invalid. In fact, at least three federal circuit courts have upheld the validity of the regulation under the same *Chevron* test applied by Mr. Lamberd here. *See Littriello v. United States*, 484 F.3d 372, 378 (6th Cir. 2007); *McNamee v. Department of Treasury*, 488 F.3d 100, 105-10 (2d Cir. 2007); *Kandi v. United States*, 295 F. App'x 873, 874 (9th Cir. 2008) (unpub. op.). The reasoning of those courts in upholding the validity of Reg. 7701-2 – in summary, that the definitions in Section 7701 overlap and thus are not clear concerning the treatment of LLCs (a relatively modern form), and that Reg. 7701-2's provisions concerning LLCs reasonably fill in that definitional gap – is persuasive. *See, e.g.*, *McNamee*, 488 F.3d at 105-10.[2]

---

[1] Mr. Lamberd suggests that the Government should have issued its assessments pursuant to the standard in Section 6672. The Government was not seeking, however, to impose responsible person liability on Mr. Lamberd to recover a penalty equal to the amount of the payments owed by a separate entity, as authorized by Section 6672; rather, the Government sought to impose liability on Mr. Lamberd directly for Pro-Tec's unpaid taxes, on a pass-through basis. As shown by that distinction, Reg. 7701-2 does not merely address the same matters already addressed in Section 6672.

[2] Mr. Lamberd argues that *McNamee* is inapposite because that court was considering whether the Government's enforcement of the regulation violated LLC rights granted to the plaintiff under Connecticut state law. Although the court did consider that issue, *see* 488 F.3d at 111, it separately considered the validity of this regulation under the *Chevron* test, and the opinion is persuasive on that issue.

In light of those decisions, and in the absence of contrary authority, the Court must conclude that at the time of the judgment there was at least an arguable basis that the regulation was valid. Because Mr. Lamberd's jurisdictional argument presumes the regulation's invalidity, there also was at least an arguable basis for the Court's exercise of jurisdiction in rendering judgment in favor of the Government.

Mr. Lamberd was free to challenge the validity of the regulation on which the Government based its claims and to litigate the effect of such invalidity on the Court's jurisdiction. Mr. Lamberd failed to raise those issues, however, either prior to judgment or on direct appeal. Even if the Court did lack jurisdiction to consider the Government's claims, as Mr. Lamberd argues, the Court had jurisdiction to decide any jurisdictional issues, and thus it did not go beyond its authority in choosing to exercise jurisdiction in this case. Mr. Lamberd has not shown that the Court acted without any arguable basis for jurisdiction, for the reasons discussed herein, and therefore the judgment is not void under Rule 60(b)(4). Accordingly, the Court denies Mr. Lamberd's motion for relief from the judgment.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Jerry Lamberd's motion to vacate the judgment against him pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. # 56) is hereby **denied**.

IT IS SO ORDERED.

Dated this 26th day of May, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge